**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANIEL M. GOLDSMITH,
        Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,
        Agency.

DOCKET NUMBER
DC-0752-15-0520-I-1

DATE: July 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Valerie A. Chastain, Esquire, Washington, D.C., for the appellant.

Lisa A. Holden, Esquire, and Parisa Naraghi-Arani, Esquire, Washington,
   D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which mitigated his demotion to a 45-day suspension. Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant occupied the supervisory K-band position of Manager, Building Operations, Maintenance and Safety Division, at the agency's Federal Aviation Administration. The agency demoted him, effective March 22, 2015, to the nonsupervisory J-band position of Building Services Lead based on three specifications under the charge of Inappropriate Behavior. Initial Appeal File (IAF), Tab 5 at 20-25, 110-14. In the first specification, the agency alleged that, on May 8, 2014, the appellant changed the time and attendance (T&A) records of his subordinate employee, L.W., to reflect her in an absent without leave (AWOL) status for 30 minutes or 1 hour on 10 occasions, knowing that she had requested leave for the dates and times at issue and that he had approved the leave.[2] In the second specification, the agency alleged that, on May 20, 2014, the

---

[2] On the dates in question, L.W. sought sick or annual leave, but her T&A report reflected that she worked an additional half hour or hour, even though she did not report to work. When the appellant learned of these discrepancies, and after consultation with a Human Resources (HR) Specialist, he changed L.W.'s T&A reports to reflect AWOL

appellant proposed to suspend L.W. for 5 days for providing inaccurate information on Government records, AWOL, and failure to follow leave-requesting procedures, knowing that she had in fact requested leave for some of the dates and times, that he had approved the leave, and that he had been the one who had inputted some of her T&A records.[3] And, in the third specification, the agency alleged that, after it became apparent that the appellant previously had not notified his first-line supervisor (who was also the proposing and deciding official) that he (the appellant) had input L.W.'s T&A records, he failed, during an October 2, 2014 meeting with his supervisor, to take responsibility for that omission. *Id.* at 111-12. On appeal, the appellant challenged all three specifications, alleged that there was no nexus between the charged misconduct and the efficiency of the service, and contended that the penalty was not reasonable. IAF, Tab 1 at 14-23. He also alleged that the agency's action was based on illegal discrimination on the bases of race and gender and that the agency had created a hostile work environment. *Id.* at 23-24. He requested a hearing. *Id.* at 4.

¶3    Thereafter, the administrative judge issued an initial decision in which she sustained specifications 1 and 2. IAF, Tab 24, Initial Decision (ID) at 13-15. She did not sustain specification 3, ID at 15-17, but found that the overall charge of Inappropriate Behavior was sustained, ID at 17. The administrative judge further found that there was a nexus between the sustained misconduct and the efficiency of the service. ID at 17. In considering the penalty, she found that discipline was appropriate, but that, given certain factors, the maximum reasonable penalty was

---

for the additional time on the dates her leave did not cover her shift, but she was out for the entire day.

[3] Because L.W. had not in fact entered her own time, but rather the appellant had entered and approved it, he, again, in consultation with the HR Specialist, subsequently rescinded the suspension. IAF, Tab 5 at 122-23.

a 45-day suspension, ID at 17-20, and she therefore mitigated the penalty,[4] ID at 1, 24.

¶4 The agency has filed a petition for review, PFR File, Tab 1, to which the appellant has responded, PFR File, Tab 3. He has also filed a cross petition for review, *id.*, to which the agency has responded, PFR File, Tab 5.

## ANALYSIS

The administrative judge properly sustained specifications 1 and 2.

¶5 In his cross petition for review, the appellant argues that the administrative judge erred in sustaining specifications 1 and 2. PFR File, Tab 3 at 7-18. As noted in the first specification, the agency charged that the appellant changed L.W.'s T&A records to reflect her in an AWOL status for 30 minutes to an hour on 10 occasions, knowing that she had requested leave for the dates and times at issue and that he had approved the leave. And, in the second specification, the agency charged that the appellant proposed to suspend L.W. for 5 days in connection with her status, knowing that she had in fact requested leave for some of the dates and times, that he had approved it, and that he had been the one who had inputted some of her T&A records. IAF, Tab 5 at 21-25, 111-12.

¶6 Because these two specifications are based on the same underlying facts, the administrative judge considered them together, ID at 13, finding both sustained, ID at 13-15. She was not persuaded by the appellant's attempts to absolve himself of responsibility for his actions by blaming the Human Resources (HR) Specialist, finding the appellant, as the manager, was responsible. ID at 13. The administrative judge also acknowledged the significance of the Board's

---

[4] The administrative judge considered, but found that the appellant failed to establish, his allegations of a hostile work environment or discrimination. ID at 21-23. The appellant has not, on review, challenged the administrative judge's findings regarding his affirmative defenses, and we discern no basis upon which to disturb them.

decision in *Hillen v. Department of the Army*, 35 M.S.P.R. 453 (1987),[5] to her findings. ID at 14 n.1. She credited the testimony of the Program Manager of the agency's T&A system over the appellant's testimony regarding the intricacies of the system. The administrative judge found that the appellant "appeared to be attempting to deflect responsibility" and clearly did not understand how the system worked, and she found "inherently improbable" his version of a conversation he had with the Program Manager who, he alleged, acknowledged that the system had malfunctioned. ID at 14. The administrative judge further found that, as a manager, the appellant was responsible for figuring out the problem with L.W.'s leave, before charging her AWOL and proposing her suspension. ID at 14-15.

¶7        The appellant argues that, when he charged L.W. with AWOL and proposed her suspension, he did not know that she was not at fault for incorrect information entered on her T&A records.[6] PFR File, Tab 3 at 7-10. Based on the appellant's arguments on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions);

---

[5] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458.

[6] The agency's T&A system used the start and stop times to determine the amount of leave taken, but it automatically added a 30-minute lunch break, IAF, Tab 5 at 49-91, and therefore the start and stop times did not match L.W.'s scheduled start and stop times. The result was that she received pay for time not worked and that she was not charged the correct amount of leave for her absences.

*Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so). The appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board. *Gager v. Department of Commerce*, 99 M.S.P.R. 216, ¶ 5 (2005).

¶8        The appellant next argues that the agency presented no evidence that he falsified L.W.'s AWOL charge or her proposed suspension. PFR File, Tab 3 at 10-13. However, the agency did not charge the appellant with falsification. Rather, the agency charged him with specific acts of misconduct under the general charge of Inappropriate Behavior. Therefore, the agency was not required to prove any of the elements of falsification. *Cf. Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (explaining that a charge of "conduct unbecoming," much like a charge of "improper conduct," has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label). Similarly, the appellant contends that the agency produced no evidence that, by his actions, he acted to defraud, deceive, or mislead the agency. PFR File, Tab 3 at 13-17. Again, none of those elements was a part of the agency's general charge, and therefore the agency was not required to prove them. *Cf. Canada*, 113 M.S.P.R. 509, ¶ 9.

The administrative judge properly did not sustain specification 3.

¶9        In its petition for review, the agency argues that the administrative judge erred in not sustaining specification 3. PFR File, Tab 1 at 8. As noted, the agency alleged in this specification that, prior to the October 2, 2014 meeting, the appellant had failed to disclose to his supervisor that he had input L.W.'s T&A records, and that, when questioned at the meeting as to why he had not shared the information, he said that he had not been asked and that the matter had not come up. The agency also alleged that the appellant attempted to deflect responsibility

onto the HR Specialist. IAF, Tab 5 at 112. The administrative judge found, however, that L.W.'s records clearly showed that the appellant entered and approved her T&A, *id.* at 47-56, 65, 77-91, that it did not constitute Inappropriate Behavior for him not to reveal information that he had no reason to believe was unknown, ID at 16, and that he did not, in fact, withhold any information, ID at 16-17. Although arguing that the appellant failed to disclose his involvement, PFR File, Tab 1 at 8, 12, the agency does not specifically dispute the administrative judge's findings or otherwise show that the appellant's behavior in this regard was inappropriate. *Id.* Therefore, we find that the agency has failed to show that the administrative judge erred in not sustaining specification 3.

The administrative judge properly found nexus.

¶10 The appellant argues in his cross petition for review that the administrative judge erred in finding that a nexus exists between the sustained charge and the efficiency of the service. PFR File, Tab 3 at 21-22. The appellant contends that the agency failed to show that the sustained misconduct adversely affected his job performance because, during the performance cycle that encompassed the time period in question, he was rated as having satisfactorily achieved his performance expectations, which included "Leading People" and "Building Relationships." *Id.*; IAF, Tab 1 at 120. Notwithstanding, as the administrative judge properly found, the Board has found that there is a sufficient nexus between an employee's conduct and the efficiency of the service where, as here, the conduct occurred on agency premises and while the appellant was on duty. ID at 17; *see, e.g.*, *Miles v. Department of the Navy*, 102 M.S.P.R. 316, ¶ 11 (2006).

The administrative judge properly mitigated the penalty to a 45-day suspension.

¶11 The agency argues on review that the administrative judge erred in mitigating the penalty, PFR File, Tab 1 at 9-12, improperly substituting her judgment regarding the reasonableness of the penalty for that of the agency, *id.* at 9. When all of an agency's charges are sustained, as occurred here, the Board may mitigate the agency's original penalty to the maximum reasonable

penalty when it finds the agency's original penalty too severe. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999). The Board will defer to an agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation or the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 9 (quoting *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987)), *aff'd*, 208 F. App'x 868 (Fed. Cir. 2006)). Thus, mitigation is appropriate only when the agency failed to weigh the relevant factors[7] or the agency's judgment clearly exceeded the limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

¶12    The administrative judge found that the deciding official provided a thorough *Douglas* analysis and that he considered the appellant's supervisory role, his taking an action[8] against a subordinate employee for providing inaccurate information on her T&A records, knowing that he had provided the information, and his refusal to accept responsibility for his actions. The administrative judge also found that these factors caused the deciding official to lose confidence in the appellant as a supervisor, and to consider that, notwithstanding mitigating factors including the appellant's years of satisfactory, discipline-free service, the only appropriate discipline was to remove him from supervision. ID at 19. While the administrative judge shared many of the deciding official's concerns regarding the appellant's refusal to take responsibility for his actions, she found that he likely would not have proceeded against L.W. without the involvement of the HR Specialist who encouraged him

---

[7] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors, both aggravating and mitigating, that are relevant to the penalty determination in adverse action cases.

[8] As noted, the appellant placed L.W. on AWOL and proposed to suspend her, but subsequently rescinded the proposal.

to examine L.W.'s leave records and advised him of the steps to take to charge her AWOL and propose her suspension. The administrative judge was troubled by the appellant's refusal to acknowledge that L.W.'s error in making her leave requests was clearly a mistake and not an effort to cheat the system, and by his lack of remorse. However, she noted the appellant's 30-year unblemished service record of satisfactory performance and the fact that the maximum penalty provided by the agency's Table of Penalties for the sustained charge of Inappropriate Conduct is a 30-day suspension. She concluded that enhancing the maximum penalty based on the appellant's supervisory status and his lack of remorse and hence his ability to be rehabilitated rendered a 45-day suspension the maximum reasonable penalty. ID at 19-20.

¶13    The agency argues that the administrative judge did not find that the penalty in this case is too severe. PFR File, Tab 1 at 11. Although it is true that she did not specifically make such a statement, she did find that the appellant likely would not have proceeded against L.W. without the involvement of the HR Specialist. While the administrative judge did not find that this factor absolved the appellant of responsibility, she reasoned that it did provide an explanation and context. ID at 19-20. We therefore consider that the administrative judge found that the agency failed to weigh this relevant factor.

¶14    Similarly, the administrative judge noted that the agency's Table of Penalties provides a maximum penalty of a 30-day suspension for the sustained charge of Inappropriate Behavior. ID at 20; IAF, Tab 5 at 174. A demotion, which is imposed without time limitation, is a harsher penalty than a suspension and thus may be considered to exceed the range of allowable punishment specified by the agency for the sustained charge. While the agency argues that mitigating the penalty to a suspension does not address its concerns with the appellant's errors in supervisory judgment, PFR File, Tab 1 at 12, the agency chose the offense with which to charge the appellant, and its Table of Penalties

does not provide that demotion is a penalty for the chosen charge.[9] We find, therefore, that the agency has failed to show that the administrative judge erred in mitigating the penalty of a demotion to a 45-day suspension.[10] *See Ray v. Department of the Army*, 97 M.S.P.R. 101, ¶ 61 (2004), (finding that when all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference; however, an agency's failure to sustain all of its supporting specifications may require, or contribute to, a finding that the agency's penalty is not reasonable), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006).

¶15    The appellant argues in his cross petition for review that the administrative judge erred "when she added a negligence basis to the Agency's penalty." PFR File, Tab 3 at 17-18. The appellant refers to the administrative judge's statement that, while the agency "did not charge the appellant with making an error in initially approving [her] leave and incorrectly approving the T&A data," that "does not mean the appellant was not responsible for figuring out what went wrong before changing [L.W.'s] status and proposing an action against her." *Id.*; ID at 14-15. We do not agree that the administrative judge thereby added a negligence requirement to the agency's penalty. Rather, she was clarifying that,

---

[9] The agency only submitted 2 pages of what appears to be a 12-page document. IAF, Tab 5 at 173-74. We are unable to discern whether there may be other penalties for other offenses listed that bear on an employee's role as a supervisor. Notwithstanding, the agency is bound by the charge it brought. *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 7 (2010).

[10] The agency argues that this case is similar to *Young v. U.S. Postal Service*, MSPB Docket No. CH-0752-13-2103-B-1, Final Order (Oct. 29, 2015), wherein the Board upheld the reduction in grade and pay of an employee who improperly recorded and adjusted a subordinate employee's time in the agency's system, resulting in his being paid for hours he was not present at work. PFR File, Tab 1 at 10. While there are some similarities in the two cases, there are also differences. However, the *Young* decision is a Final Order which has no precedential value, and the Board and its administrative judges are not required to follow or distinguish such Orders in any future decisions. 5 C.F.R. § 1201.117(c)(2).

as L.W.'s supervisor, the appellant bore the ultimate responsibility for his actions in charging her AWOL and proposing her suspension.

¶16        The appellant contends that the administrative judge erred by not mitigating the penalty even further. PFR File, Tab 3 at 22-26. The appellant challenges the administrative judge's finding that he failed to take responsibility for his actions and did not show remorse or the ability to be rehabilitated. ID at 20. Specifically, the appellant points out that, when his supervisor requested that he take T&A training in October 2014, he did so, and that, during a meeting in September 2014, the supervisor noted that the appellant stated that he was sorry about the situation. PFR File, Tab 3 at 25; IAF, Tab 1 at 129, Tab 5 at 119. Even if we consider that these factors weigh in the appellant's favor, the most important factor in assessing a penalty is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010). The deciding official indicated that he had lost confidence in the appellant based on his inappropriate behavior, particularly towards a subordinate employee. IAF, Tab 5 at 23. We have agreed with the administrative judge that the specifications that relate to that behavior, specifications 1 and 2, are sustained. In addition, agencies are entitled to hold supervisors like the appellant to a higher standard than nonsupervisors because they occupy positions of trust and responsibility. *Gebhardt v. Department of the Air Force*, 99 M.S.P.R. 49, ¶ 31 (2005), *aff'd*, 180 F. App'x 951 (Fed. Cir. 2006). The deciding official considered this factor as well. IAF, Tab 5 at 23. We therefore agree with the administrative judge's reasoning and find that the appellant's status as a supervisor constitutes a sufficient reason to enhance the penalty of a 30-day suspension provided for in the Table of Penalties, and that, under the circumstances, a 45-day suspension is the maximum reasonable penalty in this case.

**ORDER**

¶17     We ORDER the agency to cancel the demotion, effective March 22, 2015, and substitute a 45-day suspension. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶18     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶19     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶20     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶21     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.