NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3335

BEVERLY G. GEBHARDT,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: May 4, 2006

_____

Before MAYER, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Beverly G. Gebhardt appeals the final decision of the Merit Systems Protection Board, affirming her removal from the Department of the Air Force. Gebhardt v. Dep't of the Air Force, AT0752040073-I-1 (MSPB June 20, 2005). We affirm.

We must affirm the board's decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial

evidence. See 5 U.S.C. § 7703(c) (2000). On October 1, 2003, the department removed Gebhardt from her GS-12 Information Technology Specialist position based on a charge of falsification of a contractor letter with the intent to deceive. Because the administrative judge found her assertions that the forged letter was taken from her desk without permission to be "inherently improbable," and department testimony established that she voluntarily provided the letter to a colleague with the intent to deceive, the board properly sustained the department's charge. We find no error in the board's determination that the oral admonishment Gebhardt received from her supervisor did not constitute a disciplinary action which would preclude the department from effecting this removal action. Moreover, because of the serious nature of her offense, a lack of departmental motive to retaliate, and the absence of evidence that she was treated differently from other similarly situated non-whistleblowers, the board correctly found that the department proved by clear and convincing evidence that it would have removed Gebhardt in the absence of any whistleblowing disclosures. See Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1323 (Fed. Cir. 1999). Finally, in view of the department's loss of trust in her and the supervisory nature of her position, the board properly found that the penalty of removal did not exceed the tolerable limits of reasonableness. See Douglas v. Vet. Admin., 5 M.S.P.R. 280, 306 (1981).