**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTONIO BORREGO,

        Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,

        Agency.

DOCKET NUMBER
DA-0752-13-0141-I-1

DATE: September 30, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sean Lafferty</u>, Esquire, Burlington, Massachusetts, for the appellant.

<u>Parisa Naraghi-Arani</u>, Esquire, and <u>Russell B. Christensen</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant was formerly employed as a Supervisory Aviation Technical Systems Specialist with the Federal Aviation Administration (FAA) in Fort Worth, Texas.  Initial Appeal File (IAF), Tab 11, Subtabs 4b, 4c.  On October 5, 2012, the agency proposed to remove him from federal service based on the following four charges:  (1) criminal conduct; (2) failure to immediately report a violation of law to management; (3) unauthorized absence from the workplace; and (4) lack of candor.  *Id*., Subtab 4f at 1-6.  As background to these charges, the agency stated that, on August 13, 2010, while on official temporary duty travel in Washington, D.C., the appellant sexually assaulted a 19-year old woman who was too inebriated to consent.  *Id*. at 1.  On May 11, 2011, a warrant was issued for the appellant's arrest on the charge of Second Degree Sexual Abuse.  *Id*.  On August 2, 2011, the appellant turned himself in to the Washington, D.C. Metropolitan Police Department, where he was placed under arrest and processed. *Id*.  On February 1, 2012, the appellant was indicted on two charges of Second

Degree Sexual Abuse and one charge of Fourth Degree Sexual Abuse. *Id.* The appellant pled guilty to one count of Attempted Second Degree Sexual Abuse on April 6, 2012. *Id.* The agency stated that the appellant failed to report his arrest and subsequent events until April 13, 2012. *Id.*

¶3 After providing the appellant with an opportunity to respond to the notice of proposed removal, the deciding official issued a decision letter sustaining the proposed action. IAF, Tab 11, Subtab 4c. The appellant was removed effective November 16, 2012. *Id.*, Subtab 4b. Thereafter, the appellant filed an appeal challenging his removal. IAF, Tab 1.

¶4 Following a hearing, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 56, Initial Decision (ID) at 1, 25. The administrative judge sustained charges (1), (2), and (4), but found that the agency failed to prove charge (3) (unauthorized absence from the workplace) by preponderant evidence. ID at 2-18. The administrative judge found that the agency did not commit harmful error when it replaced the deciding official before the decision on the appellant's removal.[2] ID at 23-24. Furthermore, the administrative judge found that the penalty of removal was reasonable and promoted the efficiency of the service. ID at 25.

¶5 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 5. The agency has filed a response to the appellant's petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 9, 12.

---

[2] The agency had initially proposed to suspend and demote the appellant based on the charges of criminal conduct, unauthorized absence from the workplace, and failure to immediately report a violation of law to management. IAF, Tab 11, Subtab 4i at 1-4. Thereafter, the agency rescinded the proposed demotion and suspension and proposed the appellant's removal based on the same misconduct with the additional charge of lack of candor. *Id.*, Subtab 4f at 1-6, Subtab 4g. The agency appointed a new deciding official for the removal action. *Id.*, Subtab 4c, Subtab 4f at 1-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        On review, the appellant contends that the administrative judge erred in sustaining charges (2) (failure to immediately report a violation of law to management) and (4) (lack of candor).[3] PFR File, Tab 5 at 17-23. The appellant further asserts that the agency violated his constitutional due process rights and committed harmful procedural error. *Id*. at 11-18. In addition, the appellant contends that the administrative judge never decided nexus and that the penalty of removal was too severe. *Id*. at 24-26. The appellant also contends that the administrative judge was indifferent to his side of the case, and that the administrative judge erred in not granting his motion to disqualify one of the agency's representatives. *Id*. at 1-2, 23-24. As discussed below, the appellant's contentions fail to provide a basis for review.

<u>The administrative judge properly found that the agency proved its charges of failure to immediately report a violation of law to management and lack of candor.</u>

       *Charge (2): Failure to immediately report a violation of law to management*

¶7        The agency listed two specifications in support of its charge of failure to immediately report a violation of law to management. IAF, Tab 11, Subtab 4f at 2. Under the first specification, the agency stated that, on August 2, 2011, the appellant was arrested for Second Degree Sexual Abuse. *Id*. The agency stated that the appellant did not report this information to management until April 13, 2012. *Id*. The agency explained that this was in violation of Human Resources Personnel Manual (HRPM), Chapter ER-4.1, Paragraph 2i, which requires employees to immediately report known or suspected violations of law, regulations, or policy through appropriate channels. *Id*. The agency stated that the appellant was aware of the need to immediately report such information to management. *Id*.

---

[3] The appellant does not challenge the administrative judge's finding that the agency proved charge (1) (criminal conduct). In any event, we discern no basis for disturbing this well-reasoned finding on review.

¶8      Under the second specification, the agency stated that, on February 1, 2012, the appellant was indicted on two charges of Second Degree Sexual Abuse and one charge of Fourth Degree Sexual Abuse. *Id*. The agency stated that the appellant did not report this information until April 13, 2012. *Id*. The agency stated that this failure was in violation of HRPM, Chapter ER-4.1, Paragraph 2i. The agency further stated that the appellant was aware of the need to immediately report such information to management. *Id*.

¶9      The administrative judge properly sustained both specifications under this charge. ID at 9-10. As noted by the administrative judge, the HRPM requires employees to "immediately report known or suspected violations of law." ID at 9; IAF, Tab 11, Subtab 4i at 107. The appellant does not dispute that he was arrested for Second Degree Sexual Abuse on August 2, 2011, and that he was indicted on two charges of Second Degree Sexual Abuse and one charge of Fourth Degree Sexual Abuse on February 1, 2012. Further, the record reflects the appellant did not inform his first-line supervisor that he had been arrested and indicted on these charges until April 13, 2012. Hearing Compact Diskette (CD), (testimonies of the appellant and the appellant's first-line supervisor).

¶10     The appellant contends on review that the agency failed to prove this charge because he reported the criminal charges to his supervisor once he agreed to a plea bargain. PFR File, Tab 5 at 17. The agency's personnel manual, however, requires employees to "immediately report known or suspected violations of law." IAF, Tab 11, Subtab 4i at 107. The appellant further asserts that he did not violate agency policy because it only requires an employee to report a violation of law if the matter impacts the employee's position, and the appellant did not believe that the criminal charge impacted his ability to do his job. PFR File, Tab 5 at 18. The appellant's interpretation of the agency's policy is incorrect; the HRPM requires employees to report any "personal violation that has the possibility or appearance of impacting on the employee's position." IAF, Tab 11, Subtab 4i at 107. In addition, although the appellant contends on review that the

policy is vague and that he was not aware of it, PFR File, Tab 5 at 18, the appellant's first-line supervisor testified that all employees have a yearly review of that policy—the provisions in HRPM ER-4.1. Hearing CD (testimony of the appellant's supervisor). Further, the record reflects that, on February 2, 2010, the appellant received formal training on the agency's Standards of Conduct, HRPM E.R. 4.1. IAF, Tab 11, Subtab 4i at 141. Consequently, the appellant's assertions on review fail to provide a reason for disturbing the administrative judge's well-reasoned finding that the agency proved its charge of failure to immediately report a violation of law to management.

*Charge (4): Lack of candor*

¶11    As noted by the administrative judge, the U.S. Court of Appeals for the Federal Circuit has held that lack of candor "may involve a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete." *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002); ID at 13. "Although lack of candor necessarily involves an element of deception, 'intent to deceive' is not a separate element of that offense—as it is for 'falsification.'" *Ludlum*, 278 F.3d at 1284-85.

¶12    The agency listed three specifications under its charge of lack of candor. Each is discussed individually below. Under the first specification, the agency stated that, by letter dated August 20, 2012, the appellant denied failing to report a violation of law to management and stated that he had mentioned the matter to the Manager of P&R Eastern Service Area. IAF, Tab 11, Subtab 4f at 2-3. The agency stated that, although the appellant had spoken with the Manager of P&R Eastern Service Area, the Manager had advised the appellant several times that he was required to report the situation to his supervisor. *Id*. at 3.

¶13    The administrative judge properly sustained this specification. ID at 14. The administrative judge found it undisputed that the Manager of P&R Eastern Service Area was not the appellant's supervisor and never had any managerial or

supervisory authority for or over the appellant. ID at 14. The administrative judge further found that the appellant's testimony that he did not tell his supervisor about his criminal charges until April 13, 2012, disclosed a recognition that the Manager of P&R Eastern Service Area was not his supervisor. ID at 14; Hearing CD (testimony of the appellant). The appellant has not provided a basis for disturbing these findings on review; in fact, he acknowledges in his petition for review that he knew that the Manager of P&R Eastern Service Area was not in his chain of command. PFR File, Tab 5 at 19. The appellant's denial of failing to report a violation of law to management in his August 20, 2012 letter lacked candor in that the appellant's statement was not only incorrect but also involved an element of deception. In particular, when the appellant denied failing to report a violation of law to management, he knew that the Manager of P&R Eastern Service Area was not his manager and that he had failed to report his criminal charges to his supervisor. IAF, Tab 11, Subtab 4f at 19; *see Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 11 (2012) (explaining the agency's burden of proving its lack of candor charge under the standard set forth in *Ludlum*).

¶14      Regarding the second specification, the appellant stated in a letter dated August 20, 2012, that, "contrary to what is being said in my proposal letter I am not required to register as a sex offender . . . ." IAF, Tab 11, Subtab 4f at 3, 18. The proposal letter noted that, as part of his criminal sentence, the appellant was required to register as a sex offender pursuant to state law and did so register on July 2, 2012. *Id*.

¶15      The administrative judge found that the undisputed evidence reflected that the appellant was required to register with the Keller Police Department and the State of Texas because of his Washington, D.C. court felony conviction for a sexual crime. ID at 16. In addition, the administrative judge found that there was no dispute that the appellant registered as required on July 2, 2012. ID at 16. The administrative judge found that the appellant's statement that he was not

required to register as a sex offender contradicted facts known to him when he made the statement on August 20, 2012.  ID at 16; IAF, Tab 11, Subtab 4f at 18.

¶16    The appellant contends on review that he believed that he was not required to register as a sex offender in the State of Texas.  PFR File, Tab 5 at 19-23. However, as noted by the administrative judge, the appellant acknowledged that he carries a card bearing the title "Texas Sex Offender Registration Receipt" and that the Texas Department of Public Safety Sex Offender Registry reflects that the date of his registration was July 2, 2012.  ID at 16; IAF, Tab 11, Subtab 4f at 36, Tab 52 at 5-6.  Accordingly, we agree with the administrative judge's finding that the appellant's statement in his August 20, 2012 letter that he was not required to register as a sex offender involved an element of deception and, therefore, demonstrated a lack of candor.  *See Ludlum*, 278 F.3d at 1284 (finding that lack of candor was established where the appellant did not "respond fully and truthfully" to the questions he was asked); *see also Rhee*, 117 M.S.P.R. 640, ¶ 11. Thus, the administrative judge properly sustained this specification.  ID at 16.

¶17    Under the third specification, the agency stated that, on August 23, 2012, an FAA Special Agent held a telephone interview with the appellant during which the appellant was asked to explain the conditions of his probation.  IAF, Tab 11, Subtab 4f at 3.  The agency stated that, during the interview, the appellant stated the requirement to register as a sex offender in his original order was removed. *Id*.  He further explained that he was not required to register as a sex offender because his victim was over 18 years of age.  *Id*.  The agency stated that, in fact, as part of his criminal sentence, the appellant was required to register as a sex offender pursuant to state law and he did so register on July 2, 2012.  *Id*.

¶18    As noted by the administrative judge, the FAA Special Agent testified that, in the course of his supplemental investigation, he had interviewed the appellant. ID at 17; Hearing CD (testimony of the FAA Special Agent).  He stated that during the interview, the appellant had told him that the original order to spend 120 days in a halfway house had been removed and that he no longer had the

requirement to register as a sex offender. Hearing CD (testimony of FAA Special Agent). The Special Agent said that the following day he spoke to the appellant's Probation Officer, who advised him that Texas could not accommodate the Washington, D.C. order for the halfway house but that the registration requirement remained. *Id.* The Special Agent testified that the Probation Officer informed him that the appellant had already registered with the Texas Department of Public Safety as a sex offender. *Id.* The appellant, on the other hand, testified that he did not make false statements to the FAA Special Agent. Hearing CD (testimony of the appellant).

¶19     The administrative judge credited the FAA Special Agent's report of the appellant's denials of the requirements to register, finding the appellant's assertions to be "implausible." ID at 18. The administrative judge based this credibility determination in part on the fact that, on July 2, 2012, weeks before the Special Agent spoke to the appellant, the appellant went to the Keller Police Department and filled out paperwork for which he was given a "Texas Sex Offender Registration Receipt" to carry on his person. ID at 18; IAF, Tab 11, Subtab 4f at 36, Tab 52 at 5-6. We discern no basis for disturbing this well-reasoned credibility finding on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (the Board will give due deference to the credibility findings of the administrative judge and will not grant a petition for review based on a party's mere disagreement with those findings). Accordingly, we agree with the administrative judge's finding that the appellant's responses to the FAA Special Agent during his investigation lacked candor in that, when the appellant responded, he knew he was required to register as a sex offender. ID at 18; *see Rhee*, 117 M.S.P.R. 640, ¶ 11.

¶20     Based on the foregoing, we find that the administrative judge properly determined that the agency proved by preponderant evidence its charge of lack of candor.

The appellant has failed to establish that the agency violated his constitutional due process rights.

¶21    The appellant contends that the agency committed a constitutional due process violation under *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368 (Fed. Cir. 1999), because the Chief Operating Officer for the agency exerted "improper influence over the process." PFR File, Tab 5 at 9-14. The appellant contends that the Chief Operating Officer was upset that the agency had initially proposed to suspend and demote the appellant and that he subsequently orchestrated the appellant's removal. *Id*.

¶22    Pursuant to the Federal Circuit's decisions in *Ward*, 634 F.3d at 1279-80, and *Stone*, 179 F.3d at 1376-77, a deciding official violates an employee's due process rights when she relies upon new and material ex parte information as a basis for her decisions on the merits of a proposed charge or the penalty to be imposed. *See Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1354 (Fed. Cir. 2012). Not all ex parte communications rise to the level of due process violations; rather, only ex parte communications which introduce new and material information to the deciding official are constitutionally infirm. *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 8 (2012).

¶23    An employee also has a due process right to have an unbiased decision-maker adjudicate his case. *Martinez v. Department of Veterans Affairs*, 119 M.S.P.R. 37, ¶ 6 (2012). A deciding official's awareness of background information concerning the appellant, her concurrence in the desirability to take an adverse action, or her predisposition to impose a severe penalty does not disqualify her from serving as a deciding official on due process grounds. *Id*., ¶¶ 7-8.

¶24    The administrative judge comprehensively addressed the appellant's contention that the Chief Operating Officer exerted improper influence over the deciding official. ID at 24-25. The administrative judge found credible the

deciding official's testimony that she would have reached a penalty decision other than removal had she believed it was appropriate, regardless of the Chief Operating Officer's opinion. ID at 24. We discern no basis for disturbing this well-reasoned credibility finding on review. *See Crosby*, 74 M.S.P.R. at 105-06. In addition, the appellant has failed to identify any impermissible ex parte communications, and we discern no evidence of any such communications. Consequently, the appellant has failed to establish that the agency violated his constitutional due process rights.

<u>The appellant has failed to establish that the agency committed harmful procedural error.</u>

¶25     The appellant argues that the agency violated its own regulations by replacing the deciding official before the decision on the appellant's removal with an agency official who was not the appellant's first-level supervisor. PFR File, Tab 5 at 16. As previously noted, the agency had initially proposed to suspend and demote the appellant. IAF, Tab 11, Subtab 4i at 1-4. Thereafter, the agency rescinded the proposed demotion and suspension and proposed the appellant's removal based on the same misconduct with the additional charge of lack of candor. *Id*., Subtab 4f at 1-6, Subtab 4g. The agency appointed a new deciding official for the removal action. *Id*., Subtab 4c, Subtab 4f at 1-6.

¶26     The new deciding official testified that she is the agency's Vice President of Mission Support Services and the appellant's third-level supervisor. We discern no language in the agency's procedures indicating that only first-line supervisors are responsible for determining whether a corrective action is warranted. Rather, the agency's procedures on performance management merely state that supervisors are responsible for determining whether corrective action is warranted. IAF, Tab 11, Subtab 4i at 132. Furthermore, the agency's Standards of Conduct, HRPM E.R. 4.1, indicate that, as part of management's responsibilities, managers are responsible for applying the FAA's conduct and discipline program to employees under their supervision. *Id*. at 107-08. Because

the new deciding official was the appellant's third-line supervisor, the appellant was under her supervision.  The appellant has therefore failed to establish that the agency violated its own procedures in removing him.

<u>The administrative judge correctly found that the agency established nexus and the reasonableness of the penalty.</u>

¶27        We find that the agency established a nexus between the appellant's proven misconduct and the efficiency of the service.  *See Ludlum v. Department of Justice*, <u>87 M.S.P.R. 56</u>, ¶ 28 (2000) (finding that an appellant's lack of candor struck at the very heart of the employer-employee relationship and, thus, directly impacted the efficiency of service), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002).  Moreover, as discussed below, the administrative judge correctly found that the penalty of removal was within the tolerable bounds of reasonableness.

¶28        Where, as here, not all of the charges are sustained, the Board will consider carefully whether the sustained charges merited the penalty imposed by the agency.  *See Douglas v. Veterans Administration*, <u>5 M.S.P.R. 280</u>, 308 (1981).  If fewer than all of the charges are sustained and the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges, the Board may mitigate the agency's penalty to the maximum reasonable penalty.  *Lachance v. Devall*, <u>178 F.3d 1246</u>, 1260 (Fed. Cir. 1999).  In doing so, however, the Board may not disconnect its penalty determination from the agency's managerial will and primary discretion in disciplining employees.  *Id*. at 1258.  Here, the agency did not indicate that it desired that a lesser penalty be imposed if charge (3) of unauthorized absence from the workplace was not sustained.  Rather, as noted by the administrative judge, the deciding official testified that charge (1) of criminal conduct alone warranted removal.  ID at 25; Hearing CD (testimony of the deciding official).

¶29     The administrative judge properly found that the deciding official considered the relevant *Douglas* factors in making her penalty determination.[4] In assessing whether the agency's chosen penalty is within the tolerable bounds of reasonableness, the most important factor is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003). Agencies are entitled to hold supervisors to a higher standard of conduct than nonsupervisors because they occupy positions of trust and responsibility. *Gebhardt v. Department of the Air Force*, 99 M.S.P.R. 49, ¶ 21 (2005), *aff'd*, 180 F. App'x 951 (Fed. Cir. 2006). Here, the deciding official testified that she recognized that the appellant was a supervisor, responsible for enforcing the time and attendance, code of conduct, and other expectations, and that he was held to a higher standard. Hearing CD (testimony of the deciding official). She further testified that she considered the offenses serious and that she concluded that none of the misconduct was accidental or inadvertent. *Id*. The deciding official testified that she considered, as a mitigating factor, the appellant's lack of a prior disciplinary record but determined that this factor was outweighed by the seriousness of the appellant's misconduct. *Id*. In addition, the deciding official considered alternatives such as a permanent demotion but concluded that the appellant's misconduct justified removal. *Id*.

¶30     We agree with the administrative judge's finding that the penalty of removal was a reasonable penalty for the sustained misconduct in this case. *See, e.g.*, *Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶¶ 2, 6, 8 (2005)

---

[4] The Board has articulated factors to be considered in determining the propriety of a penalty, such as the nature and seriousness of the offense, the employee's past disciplinary record, and the consistency of the penalty with the agency's table of penalties. *Gmitro v. Department of the Army*, 95 M.S.P.R. 89, ¶ 7 (2003), *aff'd*, 111 F. App'x 610 (Fed. Cir. 2004); *Douglas*, 5 M.S.P.R. at 305-06. Not all of the factors will be pertinent in every instance, and so the relevant factors must be balanced in each case to arrive at the appropriate penalty. *Douglas*, 5 M.S.P.R. at 306.

(finding that removal of GS-7 Lead Police Officers was a reasonable penalty for conspiracy and lack of candor, despite the significant mitigating factors of their performance records and years of service, noting that lack of candor is a serious offense that strikes at the heart of the employer-employee relationship). Based on the foregoing, the administrative judge properly sustained the agency's action. ID at 25.

The appellant's remaining arguments do not provide a basis for review.

¶31 The appellant contends on review that the administrative judge was indifferent to his side of the case because he did not rule on his motion to disqualify the agency representative and his motions for sanctions and to strike untimely agency submissions. PFR File, Tab 5 at 1-2. The appellant further asserts that the administrative judge failed to preserve in the record copies of documents he reviewed in camera and failed to acknowledge the appellant's prehearing submissions. *Id*. at 1-2. He also states that the administrative judge erred in not granting his motion to disqualify one of the agency's representatives. *Id*. at 23-26.

¶32 The Board gives serious consideration to a party's claim that an administrative judge should be disqualified for bias. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). Nevertheless, there is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias. *Id*. Here, we find that the appellant's contention that the administrative judge was indifferent to his case because he did not rule on all of the appellant's numerous motions and committed other procedural errors is mere speculation and that therefore the appellant has not made a substantial showing of personal bias. *See id*. (finding that the appellant's claim that the administrative judge was biased against him because he did not reschedule the hearing did not constitute a substantial showing of personal bias).

¶33        Regarding the appellant's contention that the administrative judge erred in not granting his motion to disqualify one of the agency's representatives, an administrative judge is empowered to disqualify a party's representative under 5 C.F.R. § 1201.31(b).  This regulation provides in relevant part: "[a] party may choose any representative as long as that person is willing and available to serve. The other party or parties may challenge the designation, however, on the ground that it involves a conflict of interest or a conflict of position."  In his motion to disqualify one of the agency's representatives, the appellant contended that the agency representative was involved in the appellant's proposed demotion and removal and that he had expressed his view that the appellant was a "sexual predator."  IAF, Tab 19 at 4-5.  We find that none of the appellant's asserted grounds for disqualifying the agency's attorney-representative presents a fundamental issue of fairness that warranted disqualification.[5]  *See Gubino v. Department of Transportation*, 85 M.S.P.R. 518,  ¶¶ 10-11 (2000) (denying the appellant's motion to disqualify the agency representative where the appellant asserted, among other things, that the agency representative should be disqualified because he played an active role in the notice of proposed removal).

¶34        The appellant is correct that any failure by the administrative judge to rule on his motions constitutes error.  *See Williams*, 87 M.S.P.R. 313, ¶ 13.  Such procedural error, however, is of no legal consequence unless it is shown to have adversely affected a party's substantive rights.  *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).  Because the appellant failed to establish that the agency representative should have been disqualified, any failure on the part of the administrative judge to rule on the appellant's motion to disqualify the agency representative did not constitute prejudicial error.  *See Williams*, 87 M.S.P.R. 313, ¶ 13.  Moreover, the appellant has failed to establish

---

[5] In light of this finding, we need not determine whether the appellant's motion to disqualify the agency's representative was timely.  IAF, Tab 19.

how any of the administrative judge's other alleged procedural errors prejudiced his substantive rights.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                    _____
                                                  William D. Spencer
                                                  Clerk of the Board

Washington, D.C.