**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRIAN MOONEY,
      Appellant,

    v.

SOCIAL SECURITY
    ADMINISTRATION,
      Agency.

DOCKET NUMBER
SF-0752-19-0189-I-1

DATE: June 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Yancey, Atlanta, Georgia, for the appellant.

Henry Chi and Matthew Miller, Baltimore, Maryland, for the agency.

Esther Kim, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

    The appellant has filed a petition for review of the initial decision, which affirmed the agency's 30-day suspension action. Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the second factor in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), we AFFIRM the initial decision.

## BACKGROUND

The agency employs the appellant as a GS-14 District Manager for the District Office in Lancaster, California. Initial Appeal File (IAF), Tab 5 at 39, Tab 38 at 5. His position is the most senior of the management officials in the Lancaster District Office (LDO). IAF, Tab 54 at 64. Effective January 28, 2019, the agency suspended the appellant for 30 days based on charges of conduct unbecoming a Federal employee (four specifications) and failure to follow instructions (five specifications). IAF, Tab 5 at 39-45.

The appellant appealed his suspension to the Board and he raised a claim of whistleblower reprisal. IAF, Tab 1. After the appellant withdrew his request for a hearing, the administrative judge issued an initial decision based on the written record that affirmed the agency's action. IAF, Tab 49, Tab 62, Initial Decision (ID) at 1. The administrative judge sustained all four specifications of the charge

of conduct unbecoming a Federal employee and specifications 2-5 of the charge of failure to follow instructions. ID at 4-25. Regarding the appellant's affirmative defense of whistleblower reprisal, the administrative judge found that the appellant did not prove his claim. ID at 26-31. The administrative judge also found that the agency proved nexus and the reasonableness of the penalty.[2] ID at 31-34.

The appellant has filed a petition for review and a supplement.[3] Petition for Review (PFR) File, Tabs 1-2. The agency has responded in opposition to the petition for review, to which the appellant has replied. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

### The agency proved its charge of conduct unbecoming a Federal employee by preponderant evidence.

A charge of conduct unbecoming has no specific elements of proof; the agency establishes the charge by proving the appellant committed the acts alleged under this broad label. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). Moreover, such a charge typically involves

---

[2] The appellant does not challenge the administrative judge's finding that the agency established a nexus between the charged misconduct and the efficiency of the service, and we discern no basis for disturbing this finding on review. ID at 31.

[3] Along with his petition for review, the appellant submits numerous exhibits. Petition for Review (PFR) File, Tab 1 at 32-70, Tab 2 at 4-48. The Board may grant a petition for review based on new and material evidence that, despite the appellant's due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d). Here, the appellant has not shown that the information contained in the majority of these exhibits was unavailable before the record closed despite his due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Moreover, the appellant has failed to show that any of the evidence he submits on review is of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Thus, the evidence the appellant submits on review does not provide a basis for granting review.

conduct that is improper, unsuitable, or otherwise detracts from one's character or reputation. *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 42 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011), *and overruled on other grounds by Department of Health and Human Services v. Jarboe*, 2023 MSPB 22. For the reasons stated below, we agree with the administrative judge that the agency proved by preponderant evidence its charge of conduct unbecoming a Federal employee. ID at 4-16.

On review, the appellant challenges the administrative judge's findings regarding all four specifications of the charge. PFR File, Tab 1 at 18-22. He argues that the administrative judge incorrectly sustained these specifications because the administrative judge failed to resolve credibility issues and provide adequate support for his credibility findings in the initial decision. *Id.* at 16, 18. As previously noted, the appellant withdrew his hearing request; thus, the administrative judge made non-demeanor-based credibility determinations. In reaching these determinations, the administrative judge assessed the relevant hearsay evidence under the factors set forth in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981). ID at 6-7. The Board evaluates the probative value of hearsay evidence under the following factors, among others: the availability of persons with firsthand knowledge to testify at the hearing; whether the out-of-court statements were sworn; the consistency of the out-of-court statements with other statements and evidence; the consistency of declarants' accounts with other information in the case, internal consistency, and their consistency with each other; and whether corroboration for the statements can otherwise be found in the agency record.[4] *Borninkhof*, 5 M.S.P.R. at 87.

---

[4] The appellant asserts that the administrative judge should have applied the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). PFR File, Tab 1 at 16. These factors include (1) the witness's opportunity and capacity to observe the event or act in question, (2) the witness's character, (3) any prior inconsistent statement by the witness, (4) a witness's bias, or lack of bias, (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence, (6) the inherent improbability of the witness's version of events, and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458. Even if the Board were to assess the credibility

Under specification 1, the agency stated that the appellant permitted Operations Supervisor E.G. to exercise supervisory functions related to the work of his spouse, violating an agency policy and a recusal agreement. IAF, Tab 5 at 103. The appellant argues that the administrative judge erred in discrediting his allegation that he never knowingly engaged in such conduct and in relying on a statement from Operations Supervisor A.G.[5] that he was the supervisor of E.G.'s spouse in name only and that the appellant provided direction to A.G. to have E.G. actively supervise his spouse. PFR File, Tab 1 at 17-18. Significantly, the administrative judge noted that, in a February 22, 2016 email, the appellant asked E.G. to assist him in editing a write-up for E.G.'s wife as part of her nomination for an award, that E.G. responded that the appellant should "let [A.G.] know" in case it "comes back that [A.G.] wrote [the attached write-up] for her," and that the appellant did not show that he was troubled by the attempt to cover up the appearance of nepotism. ID at 8; IAF, Tab 36 at 15. The appellant does not dispute that he asked E.G. to assist him in editing a write-up for his spouse; rather, he stresses that he had no part in getting E.G.'s spouse the award, it was not a performance-based award, and E.G.'s spouse was not selected even after being nominated. PFR File, Tab 1 at 17, 19-20. The appellant's allegation provides no basis to disturb the administrative judge's determination that the record evidence supports specification 1 and that A.G. was more credible than the appellant in this regard. *See Borninkhof*, 5 M.S.P.R. at 87. We find that the administrative judge properly sustained specification 1. ID at 9.

Under the second specification, the agency stated that the appellant permitted E.G. to prepare the Fiscal Year (FY) 2016 Final Performance Assessment Communications System (PACS) appraisal for his spouse.

---

of the appellant and relevant agency witnesses under *Hillen*, it would reach the same conclusions for reasons similar to those that diminish the value of the hearsay evidence under *Borninkhof*.

[5] As the administrative judge noted, A.G. was tasked with acting for E.G. whenever E.G. had to recuse himself. ID at 6; IAF, Tab 38 at 41.

IAF, Tab 5 at 103. The appellant asserts that the administrative judge's finding that he engaged in such misconduct is not supported by the record evidence.[6] PFR File, Tab 1 at 20. However, as the administrative judge noted, in an October 31, 2016 email, A.G. informed the appellant that E.G.'s spouse's appraisal was in PACS for his review and that he used information that he received from E.G. to write it. ID at 10; IAF, Tab 11 at 95. The appellant responded that he would "review [it]." ID at 10; IAF, Tab 11 at 95. The administrative judge properly concluded that the appellant was aware of E.G.'s role in drafting his spouse's appraisal and permitted it. ID at 10. Because the record evidence supports specification 2, we find that the administrative judge properly sustained it. ID at 11.

Under specification 3, the agency stated that, when the LA Metro Area Director's Office (ADO) staff had a meeting with the LDO management team on March 7, 2018, the appellant "sat away from the group, with [his] arms crossed, and . . . rolled [his] eyes and sighed out loud." IAF, Tab 5 at 104. The agency specified that the appellant also made the following comments: "[s]o you want us to send you an email every month?"; "[o]h come on"; and "[g]ot it, conversation over." *Id.* The appellant asserts that the third specification was erroneously sustained and exaggerated by the agency. PFR File, Tab 1 at 21. He maintains that he asked relevant and appropriate questions and that his tone was mischaracterized as excessively rude or inappropriate. *Id.* at 22. However, the appellant admitted to making the aforementioned comments to senior-level

---

[6] Among other things, the appellant asserted that he notified the LA Metro Area Director's Office (ADO) when he became aware that A.G. relied on E.G.'s input to draft an appraisal for E.G.'s spouse. PFR File, Tab 1 at 20. The administrative judge considered this assertion and found that the record evidence nonetheless established that the appellant had a working relationship with both E.G. and A.G. that led E.G. to provide input on his wife's appraisal, and that the appellant put both E.G. and A.G. in a position of violating agency policy. ID at 10. Moreover, the record reflects that the appellant's argument that he notified the ADO of E.G.'s involvement in his spouse's appraisal was considered by the proposing and deciding officials as a factor in mitigating the penalty. IAF, Tab 5 at 42, 109.

agency managers. ID at 11-12; IAF, Tab 47 at 6, Tab 53 at 56-57. Moreover, the administrative judge credited the declarations under penalty of perjury of LDO Operations Supervisor R.H. and ADO Operations Supervisor S.S., both of whom attended the March 7, 2018 meeting, in which they stated that they perceived the appellant's behavior during the meeting to be impolite and unprofessional. ID at 12-13. The administrative judge observed that their declarations were consistent each other, that S.S.'s statements mirrored his contemporaneous notes, and that it was potentially contrary to R.H.'s self-interest to provide information that may reflect negatively on the appellant, his second-line supervisor. ID at 12-13; IAF, Tab 54 at 57-58, 69-70; *see Borninkhof*, 5 M.S.P.R. at 87. Based on the foregoing, we find that the administrative judge properly sustained specification 3. ID at 13.

Under specification 4, the agency stated that, on September 11, 2018, the appellant raised his left hand and continued walking when Area Director J.L. attempted to ask him to meet in his office to talk. IAF, Tab 5 at 104. The appellant asserts that the fourth specification was erroneously sustained and exaggerated by the agency. PFR File, Tab 1 at 22. The administrative judge credited J.L.'s description of the September 11, 2018 encounter (as set forth in specification 4) because J.L. provided a declaration under penalty of perjury and contemporaneous notes that were consistent with those of Assistant District Manager G.F., who witnessed the incident. ID at 13-15; *see Borninkhof*, 5 M.S.P.R. at 87. The administrative judge also noted that it was potentially contrary to G.F.'s self-interest to corroborate J.L.'s version of events because the appellant was her first-line supervisor. ID at 15. We agree with the administrative judge's assessment of the *Borninkhof* factors and we find that the administrative judge properly sustained specification 4.

Based on our review of the record, we agree with the administrative judge that the agency proved by preponderant evidence the charge of conduct unbecoming a Federal employee.

The agency proved its charge of failure to follow instructions by preponderant evidence.

To prove a charge of failure to follow instructions, an agency must establish that the employee: (1) was given proper instructions; and (2) failed to follow the instructions, regardless of the employee's intent. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014). For the reasons stated below, we agree with the administrative judge that the agency proved by preponderant evidence the charge of failure to follow instructions. ID at 16-25.

On review, the appellant asserts that the administrative judge incorrectly sustained specifications 2-5.[7] PFR File, Tab 1 at 22. Under specifications 2 and 3, the agency stated that the appellant was instructed to send a designated number of Continuing Disability Reviews (CDRs) to the ADO in October 2017 and February 2018, or otherwise notify the ADO that he anticipated that the LDO could not meet that goal, and that the appellant failed to follow those instructions. IAF, Tab 5 at 104. The administrative judge noted that the parties stipulated to the facts underlying specifications 2 and 3, and he found the parties' factual stipulations sufficient to prove that the appellant failed to follow instructions as set forth in these specifications. ID at 20-23; IAF, Tab 47 at 6.

The appellant reiterates on review that he informed the ADO by the designated deadline that challenges with mail delivery as a result of office relocation adversely impacted the ability of the LDO to gauge the number of CDRs that would be completed in a given month. PFR File, Tab 1 at 22-24. In analyzing specification 3, the administrative judge considered this explanation but found it was unpersuasive because it was vague and uncorroborated. ID at 22. The administrative judge instead credited the declarations under penalty of perjury of two ADO employees, both of whom denied that the LDO management team contacted them to notify them by the designated deadline that the LDO could not meet its CDR goal. ID at 21-23; *see Borninkhof*, 5 M.S.P.R. at 87.

---

[7] As previously noted, the administrative judge only sustained specifications 2-5 under this charge.

We discern no basis for disturbing the administrative judge's credibility determination and find that the administrative judge properly sustained specifications 2 and 3. ID at 20-23.

Under specifications 4 and 5, the agency stated that, in March 2018, J.L. suspended telework for the LDO management team and instructed the appellant to stop assigning clerical and front-end reception duties to a Staff Assistant due to insufficient management resources, and that the appellant failed to follow those instructions. IAF, Tab 5 at 104. The administrative judge noted that the parties stipulated to the fact that J.L. suspended telework for the LDO management team in March 2018. ID at 23-25; IAF, Tab 47 at 7. The appellant reiterates on review that, in a June 2018 conversation, J.L. provided him with unclear instructions as to the suspension of management telework. PFR File, Tab 1 at 24-25. The administrative judge considered this explanation below but found it was not persuasive because the appellant's description of his June 2018 conversation with J.L. was internally inconsistent and unsupported by corroborating evidence. ID at 24. The administrative judge noted, among other things, that an October 25, 2018 email authored by J.L. evidenced that the appellant resumed telework "without [J.L.'s] concurrence." ID at 24-25. We discern no reason to disturb the administrative judge's credibility determinations regarding this specification and his conclusion that the agency proved specification 4. ID at 25.

Concerning specification 5, the administrative judge noted that the parties stipulated to the facts as set forth in the specification, and he found the parties' stipulations sufficient to prove that the appellant failed to follow instructions as set forth under this specification. ID at 25. The appellant alleges on review that the LDO had no choice but to assign the Staff Assistant clerical and front-end reception duties due to temporary staffing vacancies and an initiative to improve wait-time goals. PFR File, Tab 1 at 25-26. The administrative judge considered this explanation below but noted that the appellant did not allege, nor does the record show, that J.L. had rescinded his March 2018 instruction at the time the

appellant assigned the Staff Assistant such duties. ID at 25. We discern no reason to disturb the administrative judge's finding that the agency proved specification 5. ID at 25.

Based on our review of the record, we agree with the administrative judge's finding that the agency proved by preponderant evidence the charge of failure to follow instructions. *See Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table) (stating that an agency is required to prove only the essence of its charge, and that it need not prove each factual specification supporting the charge).

We modify the initial decision to supplement the administrative judge's analysis of the second *Carr* factor, still finding that the appellant failed to prove his affirmative defense of whistleblower reprisal.

On review, the appellant disagrees with the administrative judge's assessment of his affirmative defense of whistleblower reprisal. PFR File, Tab 5 at 8-10. In particular, he asserts that the facts of this case are similar to *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012), in that he had been a "stellar employee" for 15 years until he made the disclosure and then he had increasingly poor performance. *Id.* at 10. As discussed below, the appellant has not articulated a basis to disturb the administrative judge's findings regarding his whistleblower reprisal claim.

In an adverse action appeal, an appellant's claim of whistleblower reprisal is treated as an affirmative defense. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 11 (2016). In such appeals, once the agency proves its adverse action case by preponderant evidence,[8] the appellant must show by preponderant evidence that he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) and that the disclosure was a

---

[8] Preponderance of the evidence is defined by regulation as that degree of relevant evidence which a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

contributing factor in the agency's personnel action. *Id.*; 5 C.F.R. § 1201.56(b)(2)(i)(C). When, as here, the appellant makes such a showing, the Board will order corrective action unless the agency shows by clear and convincing evidence[9] that it would have taken the personnel action in the absence of the protected disclosure. *Campbell*, 123 M.S.P.R. 674, ¶ 12.

In determining whether an agency has shown by clear and convincing evidence that it would have taken the personnel action in the absence of the whistleblowing, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323. The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole. *Campbell*, 123 M.S.P.R. 674, ¶ 12. The Board must consider all of the evidence, including evidence that detracts from the conclusion that the agency met its burden. *Whitmore*, 680 F.3d at 1368.

Here, the administrative judge correctly determined that the appellant established that he made a whistleblowing disclosure on or about October 2016 when he reported a potential anti-nepotism violation to the ADO, and that, based on the knowledge-timing test, the appellant proved that his disclosure was a contributing factor in the agency's decision to suspend him for 30 days. ID at 27-29. The parties do not dispute the administrative judge's findings in this regard. The only issue before us is whether the agency has shown by clear and convincing evidence that it would have suspended the appellant for 30 days in the absence of his whistleblowing disclosure.

---

[9] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. 5 C.F.R. § 1209.4(e).

Regarding the first *Carr* factor, the administrative judge found that the agency's evidence in support of its action was quite strong because the appellant engaged in multiple incidents of misconduct, and because the misconduct was especially serious given the appellant's position as a high-level manager. ID at 29. The administrative judge stated that the agency established by preponderant evidence that the appellant played a direct role in allowing his own subordinates to engage in the nepotism that he subsequently reported to the agency. ID at 29. The appellant does not challenge this finding on review, and we discern no basis to disturb it. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences and reached well-reasoned conclusions).

Regarding the second *Carr* factor, the administrative judge found that, based on the record evidence, the agency had little motivation to retaliate against the appellant. ID at 29-30. In reaching this finding, the administrative judge observed that the proposing official considered the appellant's disclosure to the ADO as a mitigating factor in his penalty analysis and stated that, but for this disclosure, he would have proposed the appellant's removal for the misconduct at issue. ID at 30. The administrative judge also observed that there is no indication in the record that the proposing official had any role in enabling the nepotism to occur, or that the appellant's disclosure otherwise implicated him. ID at 30. In addition, the administrative judge noted that the deciding official was not even in the appellant's chain of command, which meant that he would not have been subject to any adverse consequences. ID at 30.

In *Whitmore*, 680 F.3d at 1370, the U.S. Court of Appeals for the Federal Circuit cautioned the Board against taking an unduly and restrictive view of retaliatory motive, stating that, "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as

the criticism reflects on them in their capacities as managers and employees." Here, the appellant's disclosure reflected poorly on the agency and thus, by implication, on the proposing and deciding official as well. We therefore find that the proposing and deciding officials could have had some motive to retaliate against the appellant and we modify the initial decision accordingly.

The administrative judge considered the appellant's allegation that his relatively poor FY 2018 PACS performance appraisal reflected that the proposing official had a motivation to retaliate against him. The administrative judge found, however, that the trend of the appellant's performance ratings supported the agency's position rather than undermined it because his ratings for FY 2017 were higher than his ratings for FY 2016.[10] ID at 30. We discern no basis for disturbing this finding. In light of the agency's consideration of the appellant's disclosure as a mitigating factor in the decision to suspend him, and the trend of the appellant's performance ratings, we find that, even if the appellant's disclosure evidenced a retaliatory motive on the part of the proposing and deciding officials, any such motive was not strong.

Regarding the third *Carr* factor, the administrative judge found that it weighed in favor of the agency because the agency provided evidence that it took similar actions against similarly situated nonwhistleblowers, i.e., it proposed a 7-day suspension for A.G.[11] based on charges of conduct unbecoming and lack of candor. ID at 30-31. The administrative judge recognized that A.G. received lesser discipline than the appellant but noted that A.G. was a lower-level manager and that the appellant was also charged with numerous other incidents of misconduct, including repeated failures to follow the instructions of his supervisor. ID at 30. The appellant does not challenge this finding on review, and we discern no basis to disturb it.

---

[10] While the appellant received a lower performance rating in FY 2018, his FY 2018 PACS performance appraisal was nonetheless successful. IAF, Tab 40 at 10-17.

[11] There is no indication in the record that A.G. was a whistleblower.

After carefully balancing the *Carr* factors, we find that the agency has shown by clear and convincing evidence that it would have suspended the appellant in the absence of his whistleblowing disclosure. We therefore agree with the administrative judge that the appellant failed to prove his affirmative defense of whistleblower reprisal.

The agency proved the penalty was reasonable.

When all of the agency's charges are sustained, but not all of the underlying specifications are sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Parker v. U.S. Postal Service*, 111 M.S.P.R. 510, ¶ 8 (2009), *aff'd*, 355 F. App'x. 410 (Fed. Cir. 2009). In applying this standard, the Board must take into consideration the failure of the agency to sustain all of its supporting specifications. *Id.* An agency's failure to sustain all of its supporting specifications, however, may contribute to a finding that the agency's penalty is not reasonable. *Id.* In such a case, the Board will look for evidence showing that the agency would have imposed the same penalty for the sustained specification. *Id.*

Nevertheless, the Board's function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management's judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id.*, ¶ 9. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.*

The appellant argues that the administrative judge erroneously applied the *Douglas* factors. PFR File, Tab 1 at 26. He asserts that he should have received a lesser penalty due to the mitigating factors in his case. *Id.* We agree with the administrative judge that the deciding official properly weighed the *Douglas* factors in making her penalty determination. ID at 33-34. The deciding official

recognized the numerous strong mitigating factors, including the appellant's lack of prior discipline during his 15 years of Federal service and his successful performance appraisals, but she concluded that these factors were insufficient to outweigh the seriousness of the appellant's misconduct. IAF, Tab 5 at 106.

We agree with the administrative judge that a 30-day suspension is a reasonable penalty for the sustained misconduct. ID at 34; *see Guzman-Muelling v. Social Security Administration*, 91 M.S.P.R. 601, ¶¶ 2, 16-17 (2002) (finding that a suspension of 30 days was within the parameters of reasonableness for, among other things, discourteous and disruptive conduct). This is especially so considering that the appellant holds a supervisory position and is held to a higher standard of conduct. *See Gebhardt v. Department of the Air Force*, 99 M.S.P.R. 49, ¶ 21 (2005), *aff'd*, 180 F. App'x 951 (Fed. Cir. 2006). Accordingly, we affirm the agency's suspension action.

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:        _____
                       Gina K. Grippando
                       Clerk of the Board

Washington, D.C.