**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARIA DEANGELO, | DOCKET NUMBER |
| Appellant, | PH-0752-23-0311-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: November 19, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Maria DeAngelo, Pittston Township, Pennsylvania, pro se.

Shanna Walker Williamson, Esquire, and David Tomaszewski, Tobyhanna, Pennsylvania, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal based on charges of conduct unbecoming a Federal employee and insubordination. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant made a prima facie case of whistleblower reprisal and to SUPPLEMENT the administrative judge's discussion of the agency's burden to show by clear and convincing evidence that it would have removed the appellant even in the absence of her protected disclosure, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a program support assistant, GS-06, with the agency's Tobyhanna Army Depot in Tobyhanna, Pennsylvania. Initial Appeal File (IAF), Tab 4 at 24. Effective June 30, 2023, the agency removed her based on charges of conduct unbecoming a Federal employee (three specifications) and insubordination (one specification). *Id.* at 25-28, 56-62. The alleged misconduct underlying the conduct unbecoming charge involves the appellant's refusal to take on assigned duties and to follow orders, her use of disrespectful, erratic, and verbally abusive language with her supervisor and coworkers, and her failure to cooperate or "take any guidance" from the Directorate Secretary. *Id.* at 56-59. The alleged misconduct underlying the insubordination charge involves the appellant's failure to provide information to a coworker despite her supervisor's instruction to do so. *Id.* at 59.

The appellant challenged her removal on appeal to the Board and raised an affirmative defense of whistleblower reprisal. IAF, Tab 1 at 4-5, Tab 8 at 4.[2] Specifically, she claimed that she disclosed that common access cards (CAC) were being issued to Government contractors without proper vetting and that the agency removed her in reprisal for her disclosure.[3] IAF, Tab 1 at 5, Tab 8 at 4.

After holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the agency proved all of the specifications, and thus, all of the charges by preponderant evidence. IAF, Tab 14, Initial Decision (ID) at 6-8. He also found that the penalty of removal promotes the efficiency of the service and is reasonable. ID at 13-15. Regarding the appellant's affirmative defense of whistleblower reprisal, the administrative judge found that, although the appellant proved that she made a protected disclosure, she failed to prove that it was a contributing factor in the agency's decision to remove her because she did not prove that either the proposing or deciding official was aware

---

[2] The appellant stated below that she filed an equal employment opportunity complaint against her supervisor. IAF, Tab 8 at 4-9. The administrative judge did not construe the appellant's assertions as an affirmative defense of reprisal in the summary of the prehearing conference. IAF, Tab 9. Nor did the appellant object to the omission, despite being given an opportunity to do so. *Id.* at 3. The appellant did not raise this as an affirmative defense in her petition for review. Petition for Review File, Tab 1. Accordingly, we do not address it further here. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 18 (setting forth a nonexhaustive list of factors for the Board to consider when determining whether an appellant will be deemed to have waived or abandoned an affirmative defense).

[3] In addition to asserting that she disclosed that CACs were being issued to contractors without proper vetting, which is a claim to be considered under 5 U.S.C. § 2302(b)(8), IAF, Tab 1 at 5, the appellant also stated that she "refused to commit an illegal act of issuing . . . CACs without vetting," which is a claim to be considered under 5 U.S.C. § 2302(b)(9)(D), IAF, Tab 8 at 4. Below, the administrative judge construed the appellant's claim solely as an allegation of a protected disclosure under section 2302(b)(8). IAF, Tab 14, Initial Decision at 9-10. The outcome of this affirmative defense, or the appeal as a whole, would not change based on an interpretation of the claim under section 2302(b)(9)(D). Additionally, the appellant has not challenged the administrative judge's interpretation of this affirmative defense, and, given the outcome here, we discern no reason to disturb it.

of her protected disclosure. ID at 10-12. Accordingly, the administrative judge affirmed the appellant's removal.

The appellant has filed a petition for review, asserting that the administrative judge incorrectly found that the proposing and deciding officials lacked knowledge of her protected disclosure. Petition for Review (PFR) File, Tab 1 at 4. The agency has responded to the appellant's petition for review, and the appellant has replied. PFR File, Tabs 3-4.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

Although the appellant's claims on review are limited to her whistleblower reprisal affirmative defense, a brief discussion of the administrative judge's findings regarding the charges, nexus, and reasonableness of the penalty of removal is helpful context for subsequent discussion of her whistleblower reprisal claim. As such, we briefly discuss those issues first.

The administrative judge correctly sustained the charges, found that a nexus exists between the removal action and the efficiency of the service, and concluded that the penalty of removal is reasonable.

Regarding the conduct unbecoming a Federal employee charge, the administrative judge considered the appellant's written reply to the charges and her hearing testimony and concluded that she "does not seriously dispute the factual allegations" contained in the specifications.[5] ID at 6. He also considered documentary evidence and testimony from relevant eyewitnesses present during the

---

[4] Following the close of the record on review, the appellant attempted to file a new pleading, which the Clerk of the Board rejected, informing her that if she wished to file an additional pleading, she must first file a motion requesting leave to do so describing the nature and need for the pleading and showing that the evidence was not readily available before the record closed. PFR File, Tab 5 at 1; *see* 5 C.F.R. § 1201.114(a)(5), (k). Thereafter, the appellant filed a motion requesting leave to file an additional pleading, stating only that the "[p]leading information was not available at the time of the hearing or prior to close." PFR File, Tab 6 at 3. Because the appellant's motion does not describe the nature and need for the pleading as required by 5 C.F.R. § 1201.114(a)(5) and because she has not explained why the additional pleading was unavailable before the record closed as required by 5 C.F.R. § 1201.114(a)(5), (k), we deny the motion.

appellant's vulgar, disrespectful, and disruptive interactions with her supervisor and coworkers, and he sustained the charge. ID at 6-7.

Regarding the insubordination charge, the administrative judge again concluded that the appellant "did not seriously dispute the factual assertions" underlying this charge and that she, instead, asserted that the instruction to provide a coworker with information requested by her supervisor was not part of her job duties.[6] ID at 7-8. After a discussion of the evidence, the administrative judge found that the order given by the supervisor was proper and, thus, entitled to be obeyed, and that the appellant "willfully refused to obey the order" as evidenced by her subsequent "bragg[ing]" about it to another coworker. ID at 8. Ultimately, he sustained the charge.

As noted, the appellant does not challenge any finding regarding either charge on review. PFR File, Tab 1. We find the administrative judge's reasoning sound, and we discern no basis to disturb his findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *see* 5 C.F.R. § 1201.115 (explaining that the Board normally will consider only issues raised in a timely filed petition for review).

To sustain an action under chapter 75, the agency must also show that there is a nexus between the action and the efficiency of the service. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012). The administrative judge stated that the proven misconduct "went right to the heart of the appellant's duties and responsibilities" and "violates norms of civil behavior expected of [F]ederal

---

[5] The initial decision sets forth the factual allegations of all the specifications for both charges. ID at 2-6. Because they are not in dispute on review, we do not restate them here.

[6] The appellant has not alleged that the instruction would have required her to break the law.

employees." ID at 13. Accordingly, he found that the appellant's removal for misconduct promotes the efficiency of the service. *Id.* The appellant has not challenged this finding on review, and we agree with it. *See Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding that there was a sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred, in part, at work); *see* 5 C.F.R. § 1201.115.

Regarding the penalty of removal, when, as here, all the charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). Here, the deciding official completed a *Douglas* factors[7] worksheet and, again in the removal decision, considered the relevant factors related to the reasonableness of the penalty. IAF, Tab 4 at 26-27, 47-51. She found that the charged misconduct was very serious because it created an "uncomfortable, disruptive[,] and at times verbally abusive working environment which ultimately impacts productivity in the workplace." *Id.* at 47. She also explained that the appellant's misconduct was repeated, noting a formal reprimand a year prior based on the similar misconduct of causing disruption in the workplace. *Id.* at 47-48. She also stated that she lost all confidence in the appellant's ability to perform at a satisfactory level, to perform assigned duties from her supervisor, and to work together with other staff. *Id.* at 48. She found that these factors outweighed any mitigating factor such as the appellant's 13 years of service with the agency and her acceptable performance ratings. *Id.* at 26-27, 48.

The appellant has not challenged on review the administrative judge's discussion of the penalty. We agree with the administrative judge that the deciding official's penalty analysis reflects an appropriate consideration of the relevant

---

[7] In *Douglas*, 5 M.S.P.R. at 305-06, the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

factors and that the deciding official, therefore, appropriately exercised management discretion in selecting the penalty of removal. *See Ellis*, 114 M.S.P.R. 407, ¶ 11. We also agree that the penalty of removal is reasonable. *See Boykin v. U.S. Postal Service*, 51 M.S.P.R. 56, 60 (1991) (sustaining the removal of an employee for use of loud and abusive language about supervisors); *Zara v. Department of Labor*, 24 M.S.P.R. 693, 697-98 (1984) (concluding that removal is a reasonable penalty where the sustained misconduct involved insubordination and multiple instances of "discourteous and disruptive behavior," which affected office operations). We discern no reason to disturb these findings.

We modify the administrative judge's findings regarding the appellant's whistleblower reprisal claim to find that the appellant established a prima facie case of whistleblower reprisal.

As noted, the appellant raised an affirmative defense of whistleblower reprisal. IAF, Tab 9 at 2. To establish this affirmative defense, she must show by preponderant evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that the disclosure or activity was a contributing factor in a personnel action. 5 U.S.C. § 1221(e)(1); *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 15. To prove that a protected disclosure or activity was a contributing factor in a personnel action, the appellant need only demonstrate that the fact of, or the content of, the disclosure was one of the factors that tended to affect the personnel action in any way. *Covington*, 2023 MSPB 5, ¶ 43. The knowledge/timing test allows an appellant to demonstrate that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* If she establishes this prima facie case, the burden shifts to the agency

to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's whistleblowing. *Id.*, ¶ 45.

Below, the administrative judge found that the appellant proved that she made a protected disclosure when she disclosed that CACs were being issued to agency contractors without proper vetting because, although the appellant did not cite to any written rule, "it is not unreasonable that there would exist a written requirement that all potential bearers, most especially contractors, be properly vetted before they are issued a CAC card." ID at 10. Nonetheless, he found that the appellant failed to prove that the disclosure was a contributing factor in her removal. ID at 12. In so finding, he observed that the appellant "readily conceded during the hearing that neither the proposing official [] nor the deciding official [] had actual or constructive knowledge of her disclosure," and he discussed the proposing and deciding officials' testimony that they were "completely unaware" of any disclosures the appellant had made about unvetted CACs.[8] *Id.* Despite finding that the appellant failed to make a prima facie showing of reprisal, the administrative judge alternatively found that the agency proved by clear and convincing evidence that it would have removed the appellant even in the absence of the protected disclosure. ID at 12-13.

On review, the appellant asserts that the administrative judge erred in finding that she failed to prove that the proposing and deciding officials were aware of her disclosure, asserting that she informed the proposing official of her disclosure in a December 2022 email and referenced her disclosure in her response to the notice of proposed removal such that the deciding official's review of the response would have made her aware of the disclosure. PFR File, Tab 1 at 5. Although these

---

[8] The administrative judge also considered whether the appellant established constructive knowledge, wherein an appellant may show that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. ID at 11-12; *see Karnes v. Department of Justice*, 2023 MSPB 12, ¶¶ 19, 20. He found that there was no evidence that either the proposing or deciding official was influenced in any way by the appellant's supervisor, who the appellant asserted was aware of her protected disclosure. ID at 12.

assertions on review contradict the appellant's hearing testimony that these officials were not aware of her disclosure, the record includes the appellant's response to the notice of proposed removal, and it explicitly references the disclosure concerning the issuance of CACs without proper vetting. IAF, Tab 4 at 30. In the removal notice, the deciding official stated that she "fully and impartially considered" the appellant's written response. *Id.* at 25. Accordingly, we find that the record establishes that the deciding official had knowledge of the appellant's protected disclosure.[9]

The appellant's reply to the notice of proposed removal appears to be undated. IAF, Tab 4 at 30-33. The proposal notice was issued on May 17, 2023, and the final decision was issued on June 29, 2023. IAF, Tab 4 at 25, 56. Therefore, the appellant's response was necessarily submitted within that time frame. Based on these facts, we reason that the deciding official decided to remove the appellant within approximately 1 month of learning of her protected disclosure, thereby meeting the timing prong of the knowledge/timing test. *See Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 19 (stating that a personnel action taken within 1 to 2 years of the appellant's disclosure satisfies the knowledge/timing test).

We conclude that the appellant met the knowledge/timing test, thereby establishing by preponderant evidence that her protected disclosure was a contributing factor in the agency's decision to remove her. *See Covington*, 2023 MSPB 5, ¶ 43. Accordingly, we modify the initial decision to find that the appellant established a prima facie case of whistleblower reprisal.

---

[9] Regarding the appellant's assertion that the proposing official had knowledge of her protected disclosure because of a December 2022 email in which she allegedly reiterated the disclosure, the appellant has not pointed to any such email in the record, and we have not been able to locate one. Because both the appellant and the proposing official testified at the hearing that the proposing official did not know of the disclosure, we decline to disturb the administrative judge's finding that the appellant failed to prove that the proposing official had knowledge of the protected disclosure.

<u>We supplement the administrative judge's discussion of the agency's burden to prove by clear and convincing evidence that it would have removed the appellant even in the absence of her protected disclosure, and we agree that the agency met this burden.</u>

In determining whether the agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure, the Board will consider all relevant factors, including: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated. *Covington*, 2023 MSPB 5, ¶ 45; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

In the initial decision, the administrative judge concluded that the agency's reasons for bringing the charges and for removing the appellant are "quite strong." ID at 12. He reiterated that neither the proposing nor deciding official had any knowledge of the disclosure and found no evidence that the appellant's supervisor to whom she made the disclosure influenced them in making their decisions. ID at 13. He credited both officials' testimony that they held no bias against the appellant. *Id.* Finally, he observed that neither party identified any comparators who engaged in similar misconduct but who were not whistleblowers. *Id.* Based on the foregoing, he concluded that the agency proved by clear and convincing evidence that it would have removed the appellant even in the absence of her whistleblowing. *Id.*

Because the administrative judge's brief analysis of the agency's clear and convincing burden was included as an alternative analysis, and because we modify the initial decision to find that the appellant established a prima facie case of whistleblower reprisal, we supplement the administrative judge's discussion of the agency's burden here.

*Strength of the agency's evidence in support of its action*

Regarding the strength of the agency's evidence in support of the appellant's removal, we agree with the administrative judge that it is strong. As noted, apart from the appellant's explanations and justifications, she does not dispute that she engaged in the charged misconduct, and at least four eyewitnesses testified at the hearing that they observed the appellant's disrespectful and disruptive conduct around her supervisor and coworkers. Additionally, the administrative judge correctly found that the agency proved both charges by preponderant evidence. ID at 6-8. The Board has found that an agency's ability to meet its burden on the charges weighs in favor of the agency with respect to its clear and convincing burden. *See Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 36 (2013) (explaining that the decision to sustain all charges is a factor in weighing in favor of the agency on the clear and convincing issue); *Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶ 24 (2009) (concluding that the agency showed by clear and convincing evidence that it would have taken the same personnel action against the appellant despite his whistleblowing by, among other things, providing sufficient evidence to support the underlying charges), *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009).

Additionally, as briefly discussed above, the selection of the penalty of removal is similarly supported, given the nature and seriousness of the offense, the appellant's prior discipline for similar misconduct, and the appellant's supervisor's loss of confidence in the appellant's ability to do her job and uphold the agency's mission. *See Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 25 (2007) (concluding that aggravating factors such as prior discipline for similar misconduct weighs against mitigation), *aff'd*, 301 F.App'x 923 (Fed. Cir. 2008); *Gebhardt v. Department of the Air Force*, 99 M.S.P.R. 49, ¶ 13 (2005) (reasoning that factors supporting the selected penalty are relevant to consideration of the agency's evidence in support of its action overall), *aff'd*, 180 F. App'x 951 (Fed. Cir. 2006); *Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶ 6 (2005) (stating that, when

evaluating whether a penalty is reasonable, the Board considers, first and foremost, the nature and seriousness of the misconduct and its relation to the employe's duties, position, and responsibilities). Therefore, we find that this factor favors the agency.

*Existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision*

Regarding the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision, we agree with the administrative judge that there is no evidence that anyone with an improper animus influenced the proposing or deciding officials' actions, and we discern no reason to disturb the administrative judge's demeanor-based credibility determination that neither the proposing nor deciding official themselves held any bias against the appellant. ID at 12-13; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at the hearing and may overturn such determinations only when it has sufficiently sound reasons for doing so).

However, we found above that the deciding official had actual knowledge of the appellant's disclosure. The U.S. Court of Appeals for the Federal Circuit has explained that those responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosure, as the criticism reflects on them in their capacities as managers and employees. *See Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012). The deciding official is the Chief of Staff of the Tobyhanna Army Depot and is, therefore, an official responsible for the agency's performance overall, creating a potential institutional motive to retaliate. IAF, Tab 4 at 28. Any such possible motive, however, must be weighed against the fact that she was not the subject of

the disclosure,[10] nor is there any evidence that she suffered any negative consequences as a result of it. *See Young v. Department of Homeland Security*, 2024 MSPB 18, ¶ 32 (reasoning that whether an agency official suffers negative consequences as a result of the appellant's whistleblowing is relevant to the question of whether he had a motive to retaliate against the appellant); *see also Larson v. Department of the Army*, 91 M.S.P.R. 511, ¶ 17 (2002) (concluding that the deciding official's testimony that a disclosure had no impact on his decision to suspend the appellant was supported by the fact that he was not the subject of the protected disclosure). In consideration of these factors, we conclude that the deciding official did not have a strong personal motive to retaliate against the appellant, but, given her position as the Chief of Staff and her role in the agency's performance overall, we find that this factor cuts, at most, slightly in favor of the appellant. *See Whitmore*, 680 F.3d at 1370 (stating that, "when a whistleblower makes highly critical accusations of an agency's conduct," an agency official not being "personally named in the whistleblower's disclosure is insufficient to remove the possibility of a retaliatory motive or retaliatory influence on the whistleblower's treatment").

*Evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated*

In considering any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated, we agree with the administrative judge that neither party identified any employees who engaged in similar misconduct but who were not whistleblowers. ID at 13. In *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 18 n.9, the Board recognized

---

[10] The record is not clear on who the specific subject of the appellant's disclosure was. She generally alleges that she disclosed to agency personnel that contractors were not properly vetted, but we are unable to discern from the record if she has alleged that a specific employee or office was responsible for the insufficient vetting. IAF, Tab 1 at 5, Tab 11. In any event, there is no evidence or suggestion in the record that the deciding official was responsible for the conduct disclosed.

that there are different reasons why a record in an appeal involving a claim of whistleblower reprisal might not contain relevant comparator evidence. In some instances, the agency may have failed to make a sufficient proffer of such evidence, and in others, the agency may have presented persuasive evidence that no appropriate comparators exist.

Here, there is no evidence regarding the agency's efforts to determine whether appropriate comparators exist. Although the deciding official completed a *Douglas* factors worksheet indicating that no other employee had committed similar offenses to those alleged here, IAF, Tab 4 at 49, the Board has found that such evidence "sheds no light" on whether an agency took the same action for the same alleged conduct when another employee was not a whistleblower, *see Young*, 2024 MSPB 18, ¶ 33. We conclude that the record establishes a failure on the part of the agency to produce evidence on this factor. Accordingly, this factor cannot weigh in the agency's favor and may ultimately cause the agency to fail to meet its overall burden. *Whitmore*, 680 F.3d at 1374; *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 42.

In sum, the agency put forth strong evidence in support of its removal action. Additionally, the record establishes that the deciding official harbored no personal retaliatory animus against the appellant, was not the subject of the appellant's whistleblowing, and did not suffer any negative consequences as a result of the appellant's whistleblowing. On the whole, these considerations outweigh any possible institutional motive to retaliate related to the second *Carr* factor and any dearth of evidence related to the third *Carr* factor regarding the agency's treatment of similarly situated non-whistleblowers. Accordingly, we agree with the administrative judge's conclusion that the agency established by clear and convincing evidence that it would have removed the appellant even in the absence of her protected disclosure.

Based on the foregoing, we affirm the initial decision, as modified and supplemented. The appellant's removal is sustained.

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or

2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                   _Gina K. Grippando_
                                 _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.